## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON DREW, and JEREMY FATER, individually, and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>TIC INTERNATIONAL CORPORATION,<br><br>    Defendant. | Case No. 1:23-cv-253 |

### DEFENDANT, TIC INTERNATIONAL'S NOTICE OF REMOVAL OF CLASS ACTION

**PLEASE TAKE NOTICE** that defendant TIC International Corporation ("TIC"), through its undersigned counsel, hereby removes the above-captioned action from the Indiana Commercial Court in the Marion Superior Court of the State of Indiana, to the United States District Court for the Southern District of Indiana, under 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453. In support of this Notice of Removal, TIC states as follows:

1. On or about January 5, 2023, plaintiffs Brandon Drew and Jeremy Fater commenced this putative class action against TIC by filing a Class Action Complaint ("Complaint" or "Comp.") in the Indiana Commercial Court In the Marion Superior Court of the State of Indiana, bearing case number 49D01-2301-CT-000583. The Complaint asserts five causes of action for (1) breach of express contract, (2) breach of implied contract, (3) unjust enrichment, (4) negligence, (5) negligence per se, and (6) invasion of privacy.

2. The U.S. Supreme Court held that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co.*

*v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)).

3. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because TIC has satisfied the venue and procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and § 1332.

I. **THE REQUIREMENTS OF 28 U.S.C. § 1441 AND 1446 ARE MET.**

4. *Timeliness.* A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Upon information and belief, plaintiff served the Complaint on TIC on January 9, 2023. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

5. *Removal to Proper Court.* The Superior Court of the State of Indiana, for the County of Marion, is located in the Southern District of Indiana. 28 U.S.C. § 94(b)(1). Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

6. *Procedural Requirements.* Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as **Exhibit A**. As required by 28 U.S.C. § 1446(d), TIC will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

7. No previous application has been made for the relief requested herein.

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.**

8. This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9. As set forth below, this is a putative class action in which (1) there are 100 or more

members in plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from TIC; and (3) the aggregate amount in controversy exceeds $5,000,000. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

### A. Diversity of Citizenship.

10. At least one member of the proposed class is a citizen of a state different from TIC. 28 U.S.C. § 1332(d)(2)(A). Plaintiffs allege they are members of their proposed class. Comp. ¶ 95.

11. A corporation like TIC is a citizen of the state where it has its principal place of business as well as the state under whose laws it is organized. 28 U.S.C. § 1332(c)(1). Here, plaintiffs allege TIC is a Delaware Foreign For-Profit Corporation with its principal place of business in Carmel, Indiana. Comp. ¶ 18.

12. Plaintiffs bring this suit on behalf of themselves representing a putative Indiana class. Comp. ¶ 95. Plaintiffs allege they reside in Michigan. *Id.* ¶¶ 16-17.

13. The diversity of citizenship between plaintiff and TIC satisfies CAFA's minimal diversity requirement, which requires only that the citizenship of "any member of a class" be diverse from "any defendant." 28 U.S.C. § 1332(d)(2)(A). Because the two named plaintiffs are citizens and residents of Michigan and TIC is a citizen of Delaware and Indiana, the minimal-diversity requirement is met.

### B. CLASS ACTION CONSISTING OF MORE THAN 100 MEMBERS.

14. As mentioned above, plaintiffs purport to represent a class of Indiana citizens. Comp. ¶ 95.

15. Plaintiffs further allege the data security incident "compromised the Personal Information of 187,341 individuals." Comp. ¶ 98.

16. Based on the allegations in the Complaint, the aggregate number of members in plaintiffs' proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### C. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

17. TIC disputes that the proposed class could ever be certified or that TIC is liable for

the claims plaintiffs assert in the Complaint.

18. The aggregate amount-in-controversy, exclusive of interest and costs, exceeds the $5,000,000 jurisdictional minimum under CAFA. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). While plaintiffs do not plead a specific amount of damages in the Complaint (and in the case of any injunctive relief, the cost for compliance with the requested injunction), they allege there are 187,341 individuals affected by the data security incident which they allege could result in identity theft resulting in financial damages of an unspecified amount but which they allege can be up to $20,000 per person, that these individuals spent an unspecified amount of money on TIC services, that these individuals have incurred out-of-pocket costs, and they seek injunctive relief in the form of requiring TIC to increase data security. Comp. ¶¶ 48, 98, 109, 136, 142, 166, 184, 191, Prayer For Relief. Plaintiffs' allegations of damages for a class of 187,341 members support that the $5,000,000 CAFA jurisdictional requirement is met. *Dart Cherokee*, 135 S. Ct. at 551 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. § 1446(c)(2)(A)).

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1331

19. Removal is proper because the Complaint asserts contract and quasi-contract claims that are completely preempted by the civil enforcement provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. 13.

20. It is well settled that "causes of action within the scope of the civil enforcement provisions of [ERISA] are removable to federal court." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Normally state-law "claims are completely preempted by ERISA if they are brought (i) by an individual who at some point in time, could have brought his claim under [29 U.S.C. § 1132(a)(1)(B)], and (ii) under circumstances in which there is no other independent legal duty that is implicated by a defendant's actions." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011). Section 1132(a)(1)(B) provides a cause of action for beneficiaries "to enforce rights under the terms of

[their] plan." 29 U.S.C. § 1132(a)(1)(B).

21. Plaintiff Drew alleges he is a member of the Millwrights Local 1102 Detroit which "has negotiated defined benefits administered by TIC." Comp. ¶ 16.

22. Plaintiff Fater alleges he is a member of the Union Local 1102 which "has negotiated defined benefits administered by TIC." Comp. ¶ 17.

23. Plaintiffs allege TIC "is a benefit administration company specializing in consulting and third-party administration for multiemployer health care, defined benefit pension, and defined contribution/401(k) plans." Comp. ¶ 1.

24. Plaintiffs bring claims for *inter alia* (1) breach of express contract, (2) breach of implied contract, and (3) unjust enrichment arising out of TIC's administration of benefits. *See e.g.*, Comp. ¶ 108 ("Plaintiffs and Class members entered into written agreements with TIC regarding the administration of their plan benefits that TIC was to provide to Plaintiffs and Class members. This agreement included, *inter alia*, TIC's privacy policies and procedures."). Because Plaintiffs seeks to enforce rights under their ERISA plan contracts, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). *See, e.g., Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (addressing quantum meruit claims); *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) (addressing breach of covenant of good faith and fair dealing). TIC may thus remove the action under 28 U.S.C. § 1441(a).

25. Although Plaintiffs' claims are alleged as state common law claims, ERISA converts the claims into ones that are completely federally preempted and thus arising under federal law. *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723-24, 727 (7th Cir. 2017); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-10 (2004); *Smilow v. Anthem Life & Disability Ins. Co. (In re Anthem Inc.)*, 2015 U.S. Dist. LEXIS 159643, *54-56 (N.D. Cal. Nov. 24, 2015).

Based on the foregoing, TIC respectfully requests removal of this action from Indiana Commercial Court In the Marion Superior Court of the State of Indiana, bearing case number 49D01-2301-CT-000583, to this Court under 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: February 8, 2023 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|  | By: /s/ Scott B. Cockrum |
|  | Scott B. Cockrum (20840-45) |
|  | 2211 Main Street, Suite 3-2A |
|  | Highland, Indiana 46322 |
|  | D: 219.440.0602 |
|  | T: 219.440.0600/F: 219.440.0601 |
|  | Scott.Cockrum@lewisbrisbois.com |
|  | Attorney for Defendant, TIC International Corporation |